CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 17 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TORI D. CHISHOLM, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:10-cv-00528 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

Plaintiff Tori Chisholm has brought this 42 U.S.C. § 1983 action against multiple defendants, including Gene Johnson, director of the Virginia Department of Corrections, and Bryan Watson, the warden at Wallens Ridge State Prison claiming, inter alia, that the defendants failed to protect him from an assault by another inmate on July 13, 2010. Chisholm alleges that he was accused of being a gang member and that after he denounced gangs, and that he was later attacked by a gang member and cut with a weapon on his hand. Chisholm does not allege that he has been attacked by or had any problems with any other inmates since the alleged July 13, 2010 incident. To prevent any further attacks, Chisholm asks the court to order the defendants to immediately transfer him to a security level 4 facility (he is currently assigned to a security level 5 facility). Because Chisholm has not set forth facts clearly showing that he is in imminent danger of "irreparable injury, loss, or damage" if relief is not granted before the defendants can respond, the court denies his request for a temporary restraining order pursuant to Federal Rule of Civil Procedure ("Rule") 65(b). However, the court finds that it cannot properly consider Chisholm's request for preliminary injunctive relief pursuant to Rule 65(a) without a response by the defendants. The defendants are therefore ordered to respond to Chisholm's motion within ten (10) days after service.

Rule 65(b) provides that the court "may issue a temporary restraining order without

written or oral notice to the adverse party or its attorney only if . . . immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition* . . . ." By contrast, a court may issue a preliminary injunction only after providing notice to the adverse party. Fed. R. Civ. P. 65(a). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).

Chisholm's delay of over four months before seeking injunctive relief cautions against acting without giving the defendants an opportunity to respond. Accordingly, the court will direct that the Clerk's Office to arrange for service, and will request that defendant Watson respond to Chisholm's request for injunctive relief within ten (10) days of service. Until that time, the court will take Chisholm's motion for preliminary injunctive relief pursuant to Rule 65(a) under advisement.

In accordance with the court's memorandum opinion and order:

(1) The clerk is directed to arrange for service of Chisholm's complaint, Chisholm's motion for injunctive relief, and the court's memorandum opinion and order upon the defendants; and

(2) defendant Bryan Watson, the warden at Wallens Ridge State Prison, is requested to respond to Chisholm's claim that he is in immediate danger with ten (10) days of service.

**ENTER**: This 17th of December, 2010.

                                                                         UNITED STATES DISTRICT JUDGE